

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA BEBSABE FLORES LARA,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                   Respondents. | Case No.: 25-cv-3565-RSH-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

      On December 12, 2025, petitioner Juana Bebsabe Flores Lara filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

      Petitioner is a citizen of Honduras. *Id.* ¶ 9. In 2014, she applied for admission to the United States, and was thereafter paroled into the United States and released on an order of supervision. ECF No. 1 ¶¶ 23-24; ECF No. 4 at 2. In 2019, Petitioner was ordered removed from the United States. ECF No. 1 ¶ 25; ECF No. 4 at 2. Petitioner appealed to the Board of Immigration Appeals, which dismissed her appeal; she thereafter filed a petition for review with the U.S. Court of Appeals for the Ninth Circuit, which denied her petition. ECF No. 1 ¶¶ 25-26; ECF No. 4 at 2.

      On March 3, 2025, U.S. Immigration and Customers Enforcement ("ICE") arrested Petitioner. ECF No. 1 ¶ 27. On March 20, 2025, Petitioner filed a motion to reopen her

immigration case, which motion remains pending. *Id.* Petitioner is detained by ICE at the Otay Mesa Detention Center in San Diego, California.

Petitioner challenges the lawfulness of her detention. The merits of the Petition have been fully briefed. *See* ECF Nos. 1, 4, 5. As set forth below, the Court grants the petition.

## I.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner ….").

## II.  JURISDICTION

Respondents first contend that Petitioner's claim is jurisdictionally barred under 8 U.S.C. § 1252(g). ECF No. 4 at 3-4. Section 1252(g) provides that, except as otherwise provided in that section, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that Petitioner's claims "necessarily arise" from the decision by Respondents to execute removal orders, and that those claims are therefore barred. ECF No. 4 at 3.

The Supreme Court has interpreted the "arising from" jurisdiction-limiting provision in 8 U.S.C. § 1252(g) narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am. –Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). *See also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret [8 U.S.C. § 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed

actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). Here, as the Court construes the Petition, Petitioner challenges the legality of her detention rather than challenging a removal order or Respondents' decision to execute a removal order. The Court concludes that Petitioner's claims are not barred by 8 U.S.C. § 1252(g).

## III.   ANALYSIS

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Respondents contend that Petitioner's previous order of supervision was lawfully revoked under 8 C.F.R. § 241.4(*l*) and/or § 241.13(i)(2). Respondents state:

> An order of supervision may be issued under 8 C.F.R. § 241.4, and the order may be revoked under 8 C.F.R. § 241.4(*l*)(2)(iii) where "appropriate to enforce a removal order." *See also* 8 C.F.R. § 241.5 (conditions of release after removal period). ICE may also revoke the order of supervision where, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). The regulations further provide:
>
>> Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.
>
> 8 C.F.R. § 241.4(*l*)(1).

ECF No. 4 at 10.

The first of the regulations cited by Respondents, 8 C.F.R. § 241.4(*l*)(2), provides

1  that "[r]elease may be revoked in the exercise of discretion when, in the opinion of the
2  revoking official … it is appropriate to enforce a removal order"; and vests such revocation
3  authority in the "Executive Associate Commissioner," while providing that "[a] district
4  director may also revoke release of an alien when, in the district director's opinion,
5  revocation is in the public interest and circumstances do not reasonably permit referral of
6  the case to the Executive Associate Commissioner." 8 C.F.R. § 241.4(*l*)(2).

7  The second of the regulations cited by Respondents, 8 C.F.R. § 241.13(i)(2),
8  provides that "[t]he Service may revoke an alien's release under this section and return the
9  alien to custody if, on account of changed circumstances, the Service determines that there
10 is a significant likelihood that the alien may be removed in the reasonably foreseeable
11 future." The regulation further provides, in language similar to 8 C.F.R. § 241.4(*l*)(1), that
12 "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her
13 release. The Service will conduct an initial informal interview promptly after his or her
14 return to Service custody to afford the alien an opportunity to respond to the reasons for
15 revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

16 The Petition asserts that Petitioner's detention is unlawful, among other reasons,
17 because Respondents failed to comply with the requirements of 8 C.F.R. § 241.4 or §
18 241.13. ECF No. 1 ¶¶ 17-20, 32-34. In their return, Respondents do not provide evidence
19 reflecting that prior to the revocation of Petitioner's supervision: (1) the Executive
20 Associate Commissioner, or a district director, exercised his or her discretion to revoke
21 Petitioner's supervision upon determining that such revocation was appropriate to enforce
22 a removal order; or that (2) on account of changed circumstances, DHS determined that
23 there is a significant likelihood that Petitioner may be removed in the reasonably
24 foreseeable future. Nor do Respondents provide evidence reflecting that, upon revocation,
25 Petitioner was notified of the reasons for the revocation, or was provided a prompt initial
26 informal interview to allow her a chance to respond. Respondents do not assert that any of
27 these requirements were met, but argue instead that "[e]ven if the agency failed to follow
28 these regulations," the Court should deny the Petition because "Petitioner cannot establish

that she was prejudiced by these acts or omissions." ECF No. 4 at 10.

The Court disagrees. Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g., Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court reaches the same conclusion. Petitioner was indeed prejudiced by the unlawful deprivation of her liberty, even if DHS could have revoked her supervision in a lawful manner and may yet do so in the future.

In light of the disposition herein, the Court declines to address the remaining grounds in the Petition for seeking release.

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of her preexisting order of supervision.

The hearing currently scheduled for January 8, 2026 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 6, 2026

_____
Hon. Robert S. Huie
United States District Judge